UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICKITTA T.,

        Plaintiff,

    v.                                      **DECISION AND ORDER**

                                                23-CV-806S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

    1.    Plaintiff Nickitta T.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her application for supplemental security income under Title XVI of the Act. (Docket No. 1.) This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

    2.    This case has an extensive procedural history. Plaintiff protectively filed her present application with the Social Security Administration on December 8, 2016. She alleged disability beginning August 6, 2015, due to all alleged mental diagnoses: namely bipolar, schizophrenia, depression, post-traumatic stress disorder ("PTSD"), nightmares, anxiety, hallucinations, flashbacks of past trauma, panic attacks, mental issues, schizoaffective disorder (bipolar type), borderline personality disorder, unspecified anxiety disorder, attention deficit hyperactive disorder ("ADHD"), mood disorder, histrionic personality disorder, and changes in moods. She also claimed an epileptic condition,

---

[1] In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial.

anger, and blackouts. Her application was denied and she thereafter requested a hearing before an administrative law judge ("ALJ").

3. On October 16, 2018, ALJ Elizabeth Koennecke commenced an in-person hearing, which was continued on February 27, 2019, at which Plaintiff and a Vocational Expert appeared and testified. Plaintiff was self-represented during the initial proceeding but had counsel representing her for its continuation. (R.[2] at 34-43, 44-60, 1907-22, 1924-32.) At the time of the hearing, Plaintiff was 27 years old with a high school education and had not engaged in substantial gainful activity since the December 2016 application date.

4. The ALJ considered the case *de novo* and, on May 7, 2020, issued a written decision denying Plaintiff's application for benefits. (R. at 14; see also R. at 1657.) After the Appeals Council denied her request to review this decision, Plaintiff filed an action challenging the Commissioner's decision. (R. at 1, 1674, 1680.) On May 13, 2021, Magistrate Judge Marian W. Payson approved the parties' stipulation to remand the matter for further proceedings. (R. at 1717, Nickitta T. v. Comm'r, No. 6:20-cv-06463-MWP, Docket No. 16.) On November 29, 2021, the Appeals Council remanded consistent with this stipulation. (R. at 1720.)

5. On this remand, the ALJ conducted two videoconference hearings due to the COVID-19 pandemic. The first hearing commenced on September 27, 2022, and the second continued on February 13, 2023, where Plaintiff—represented by counsel—and Vocational Expert Warren Maxim appeared and testified. (R. at 1617-28, 1629-53). On

---

[2] Citations to the underlying administrative record are designated as "R."

April 14, 2023, the ALJ rendered her pending decision denying Plaintiff's claim for benefits. (R. at 1579.)

6. After this decision, Plaintiff filed the current action, challenging the Commissioner's final decision.[3] (Docket No. 1.)

7. Plaintiff moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 14.) There, Plaintiff argued that the record was replete with evidence of her disability and remand for calculation of benefits was in order.

8. Defendant moved for an Order remanding this matter to the Commissioner for further administrative proceedings, arguing that remand is warranted for the ALJ to reevaluate the medical opinion evidence from Mary Nobliski, M.D. (Docket No. 19.) Defendant disagreed that there was sufficient evidence of Plaintiff's disability to necessitate remand for calculation of benefits.

9. This Court then took the Motions under advisement without oral argument. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings will be granted in part but denying the relief sought, while Defendant's Motion to Remand will be granted. This Court remands this matter for further proceedings.

10. This Court has the power to affirm, modify, or reverse the decision of the Commissioner with or without remand for rehearing. 42 U.S.C. § 405(g). A court reviewing a denial of disability benefits, however, may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's

---

[3] The ALJ's April 14, 2023, decision became the Commissioner's final decision on this matter by operation of 42 U.S.C. §§ 405(g), 1383(c)(3).

determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 26 L. Ed. 2d 842 (1971).

11. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams *ex rel.* Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

12. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987).

13. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If [s]he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits [her] physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider [her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, [s]he has the residual functional capacity to perform [her] past work. Finally, if the claimant is unable to perform [her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

14. Although the claimant has the burden of proof at the first four steps, the Commissioner has the burden of proof at the fifth and final step. See Yuckert, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(f); see also Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 76 L. Ed. 2d 66 (1983).

5

15. A remand to calculate benefits is performed where the record provides persuasive proof of disability and remand for further proceedings serves no purpose. Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980); Williams v. Apfel, 204 F.3d 48, 50 (2d Cir. 1999) (remands for calculation of benefits where any further proceedings would have been pointless).

16. The Commissioner may move for remand for further proceedings. Carroll v. Sec'y of Health and Human Servs., 705 F.2d 638, 644 (2d Cir. 1983); 42 U.S.C. § 405(g). This Court acknowledges that a remand for rehearing to conduct further proceedings, however, "potentially followed by another appeal, could well delay the payment of benefits" for years. Carroll, 705 F.2d at 644.

17. The ALJ here analyzed Plaintiff's claim for benefits under the Five Step sequential analysis set forth above. At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the December 2016 application date. (R. at 1579.) At Step Two, the ALJ found that Plaintiff has PTSD, schizophrenia, and other mental diagnoses listed above. (R. at 1582; see also R. at 20.) At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 1585.)

18. Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform work at all exertional levels provided she does not have concentrated exposure to unprotected heights or hazards while acknowledging that she still could drive for work. Further, the ALJ noted that Plaintiff retained the ability to understand and follow simple instructions, perform simple tasks independently, maintain attention and

concentration for simple tasks, regularly attend to a routine and maintain a schedule, and relate to and interact appropriately with all others to the extent necessary to carry out simple tasks. The ALJ also found that Plaintiff could make occasional decisions directly related to the performance of simple tasks in a stable work environment with rote work duties, while tolerating occasional superficial exposure to the public. (R. at 1589.)

19. At Step Four, the ALJ found that Plaintiff had no past relevant work. (R. at 1604.) At Step Five, the ALJ concluded that Plaintiff could make an adjustment to other work that exists in significant numbers in the national economy. Since Plaintiff's ability to work at all exertional levels was compromised by nonexertional limitations, the ALJ sought the opinion of the Vocational Expert as to the jobs a claimant like Plaintiff in age, education, work experience, and RFC could perform. The Vocational Expert opined that such a hypothetical claimant could perform such jobs as a vehicle cleaner, laborer-salvage, and cleaner. (R. at 1605-06.)

20. Here, the parties agree that remand is warranted but disagree as to whether remand be solely for calculation and payment of benefits. In the alternative, should the Court elect not to so limit a remedy, Plaintiff does not oppose Defendant's Motion for Remand for further administrative proceedings.

21. Plaintiff argued four grounds for remanding the Commissioner's decision for calculation of benefits. First, she faulted the ALJ's mental RFC finding because she believed it was a product of the ALJ's lay judgment indicated by her rejection of the marked limitations opinions of her treating and consulting medical sources. Second, Plaintiff argued that the ALJ failed to properly apply the applicable treating physician rule to the opinion of Dr. Nobliski. Third, Plaintiff contended that the record was "replete with

7

evidence" of her disability due to mental impairments such that the only appropriate remedy is remand for calculation of benefits. Finally, Plaintiff argued that her physical RFC was not supported by substantial evidence.

22. Defendant moved to remand for further proceedings conceding that Dr. Nobliski's more restrictive opinion needed consideration by the ALJ. Defendant argued that further proceedings is appropriate because the record contains conflicting evidence that must be resolved to determine disability, by contrasting evidence that supported and contradicted disability for Plaintiff's mental condition. As Plaintiff noted in her Reply, Defendant did not comment on Plaintiff's other objections that her mental RFC was the product of the ALJ's lay judgment and the lack of support for her physical RFC.

23. For the reasons that follow, this Court agrees with the Commissioner and finds that this matter should be remanded for further proceedings. There are issues of fact whether Plaintiff established her mental limitations and the record here does not "provide[] persuasive evidence of total disability that rendered any further proceedings pointless." Williams, 204 F.3d at 50; see Estrella v. Berryhill, 925 F.3d 90, 98 n.3 (2d Cir. 2019). Further proceedings thus are in order.

24. Plaintiff relies on the opinions of consultative examiner and treating sources that showed her limitations. Consultative examiner Adam Brownfeld, Ph.D., examined Plaintiff and opined on January 25, 2017, that she was "markedly limited in maintaining attention and concentration, maintaining a regular schedule, learning new tasks, performing complex tasks independently, making appropriate decisions, relating adequately with others, and appropriately dealing with stress." (R. at 1213.) Plaintiff's treating sources, including Dr. Nobliski, consistently found she had moderately to very

limited functional limitations or precluded performance in various mental abilities and aptitudes for more than 20% of the 8-hour workday. (R. at 1444-46, 1985, 1989, 1991, 2021-22, 2024, 2051, 2062, 2652-53.)

25. While Defendant conceded in his Motion to Remand for Further Proceedings that the ALJ needs to consider the opinion of Dr. Nobliski, the doctor consistently found Plaintiff had moderately to very limited psychiatric limitations arising from her ADHD, PTSD, and borderline personality disorder (R. at 1990-91, 2048-49) as also found by Plaintiff's other treating sources. (R. at 1444-46, 1985, 1989, 2021-22, 2024, 2051, 2062, 2652-53.)

26. Defendant, however, cites other portions of the record of normal mental status examination findings and Plaintiff's psychiatric treatment from medication and therapy, concluding that fact issues exist whether she had mental limitations. These treating sources noted Plaintiff's normal mental status examination results or her improvement with medication and therapy. (See R. at 1208, 1292, 1347-48, 1349-50, 1365-66, 1367, 1404, 1410-11, 1413, 1425, 1498, 1537, 2492, 2958.)

27. Other courts that have remanded for calculation of benefits where records showed the claimants' disability without contrary evidence. E.g., Demars v. Comm'r, 841 F. App'x 258, 262-63 (2d Cir. 2021); Peteroy v. Comm'r, No. 1:21-CV-3370-FB, 2022 WL 16699473, at *1-2 (E.D.N.Y. Nov. 3, 2022); Harbot v. Berryhill, 335 F. Supp.3d 382, 388 (W.D.N.Y. 2018). In this case, however, the record also shows contrary evidence of mental impairments without persuasive proof of Plaintiff's disability.

28. Part of the medical record cited by Defendant is from Plaintiff's long-time therapist, Maigan Brewer-Button, LMHC. That record shows the inconsistency on

Plaintiff's disability that precludes remand for calculation of benefits. Ms. Brewer-Button conducted a series of therapy sessions with Plaintiff from December 2016 through August 2019, observing that Plaintiff's thought processes were coherent, logical, and goal directed with appropriate content, and without any apparent thought disorders. She further found that Plaintiff's perceptual disturbances were neither noted nor reported. She also noted that Plaintiff's mood either was euthymic or neutral and her affect appropriate. While not reporting suicidal, homicidal, or violent ideations, Plaintiff was oriented to person, place, time, and situation, with intelligence within the average range. LMHC Brewer-Button observed that Plaintiff appeared to maintain attention and concentration to her questions, and her recent and remote memory also appeared intact. (R. at 1347, 1349, 1365, 1367, 1404, 1413, 1537.)

29. LMHC Brewer-Button, however, rendered mental residual functional capacity assessments of Plaintiff dated August 21 and October 9, 2018, and August 14, 2019, reporting Plaintiff's marked limitations in several categories. (R. at 1443, 1988, 2051.)

30. Another treating source, Psychiatric Nurse Practitioner Nancy Houy, found on June 26, 2018, that Plaintiff was oriented in person, place, and time, with irritable and dysphoric mood described by Plaintiff as "blah and skeptical," and intact memory. (R. at 1410.) On July 31, 2018, NP Houy observed that Plaintiff remained oriented in person, place, and time, but with euthymic mood and affect congruent to verbal content while noting Plaintiff's medication. (R. at 1425.)

31. NP Houy found on June 29, 2021, however, that Plaintiff had mood lability, generalized anxiety, and low frustration toleration, that she could not engage in full-time

10

employment without accommodations due to her chronic psychiatric treatment since childhood, being socially awkward, poor frustration tolerance, and mood swings. NP Houy noted that Plaintiff's mental abilities precluded performance for more than 20% of an 8-hour workday in categories of understanding and memory, sustained concentration and memory, social interaction, and adaptation although she engaged in chronic psychiatric therapy from childhood. (R. at 2019-22.) Furthermore, NP Houy found that Plaintiff would be off task more than 30% of the workday and workweek being off task. (R. at 2022.) NP Houy did not identify any event that changed this impression of Plaintiff since 2018 although acknowledged in 2021 that Plaintiff had been dealing with her mental health issues since childhood. (Id.)

32. This evidence and other findings in this record fail to establish that there is substantial evidence that Plaintiff has mental limitations that are disabling. See Estrella, 925 F.3d at 98 n.3; Williams, 204 F.3d at 50. The present record does not lead to the conclusion that Plaintiff is disabled to warrant a remand only for calculation of benefits. See Bogart v. Colvin, No. 13-cv-6592 CJS, 2014 WL 6065772, at *9 (W.D.N.Y. Nov. 13, 2014) (citing cases). This is akin to the disposition of Bogart, where Judge Charles J. Siragusa found that the record there was "not entirely consistent as to why" claimant Phoebe Bogart was disabled. This case was remanded for further proceedings because remand for calculation of benefits is only warranted where "the record could lead only to a finding that the claimant is disabled." Id.

33. Having reviewed the record here, this Court finds that it is ambiguous and lacks persuasive proof of Plaintiff's disability. This precludes the relief of a remand only for calculation of benefits. Therefore, so much of Plaintiff's Motion for Judgment on the

Pleadings seeking remand for calculation of benefits is denied and Defendant's Motion for an Order to Remand for Further Proceedings is granted.

34.   As a result, this Court need not discuss Plaintiff's remaining arguments, that is whether the ALJ relied on her lay opinion or how she considered Plaintiff's physical condition.  This Court also recognizes that on remand for further proceedings the ALJ has the discretion to reexamine these issues as well.  <u>Daryl A., Jr., OBO Daryl A., Sr. v. Comm'r</u>, No. 12-CV-496-DB, 2023 WL 8623440, at *5 (W.D.N.Y. Dec. 13, 2023); <u>Melanie V. v. Comm'r</u>, No. 23-CV-973S, 2024 WL 3337924, at *6 (W.D.N.Y. July 9, 2024) (Skretny, J.).

35.   Accordingly, having reviewed the ALJ's decision and considering the parties' arguments, this Court concludes that the record here lacks persuasive evidence of Plaintiff's disability due to her mental limitations to warrant remand for calculation of benefits.  Plaintiff's Motion for Judgment on the Pleadings is granted in part, denied in part, and Defendant's Motion for an Order Reversing and Remanding this Matter for further proceedings is granted with the matter remanded for further proceedings.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is GRANTED IN PART, DENIED IN PART.

FURTHER, that Defendant's Motion for an Order remanding this matter to the Commissioner (Docket No. 19) is GRANTED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:   October 28, 2024
         Buffalo, New York

                                    s/William M. Skretny
                                   WILLIAM M. SKRETNY
                                   United States District Judge